United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20868
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK JAMES BRACKS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-110-ALL
---------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Frank James Bracks appeals the sentence imposed following
his bench trial conviction for kidnapping, using and carrying a
firearm during and relation to a crime of violence, and being a
felon in possession of a firearm. He was sentenced to an
aggregate of 205 months of imprisonment and five years of
supervised release. He argues that, in light of United States v.
Booker, 125 S. Ct. 738 (2005), his sentence is invalid because
the district court applied the sentencing guidelines as if they

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were mandatory.  Because Bracks did not raise this issue in the district court, we review it only for plain error.  <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005); <u>United States v. Mares</u>, 402 F.3d 511, 513, 520-22 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).

Bracks is unable to establish plain error with regard to his <u>Booker</u> claim because he cannot establish that being sentenced under a mandatory sentencing guidelines scheme affected his substantial rights.  The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the guidelines were advisory only.  <u>See</u> <u>Mares</u>, 402 F.3d at 520-22; <u>Valenzuela-Quevedo</u>, 407 F.3d at 733-34.

Bracks's argument that <u>Mares</u> was wrongly decided is unavailing.  Absent en banc reconsideration or a superseding contrary decision of the Supreme Court, one panel may not overrule the decision of a prior panel.  <u>United States v. Ruff</u>, 984 F.2d 635, 640 (5th Cir. 1993).

Accordingly, the judgment of the district court is AFFIRMED.